**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1072
_____

MICHAEL B. SELIG,
                              Appellant

v.

NORTH WHITEHALL TOWNSHIP ZONING HEARING BOARD;
JUDGE J. BRIAN JOHNSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-14-cv-05303)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2016
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed: June 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael B. Selig, proceeding pro se, appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania, which dismissed his civil rights complaint.  We will affirm the Court's judgment.

Because the procedural history of this case and the details of Selig's claims are well known to the parties, we discuss here only those facts that are necessary to our opinion.  In brief, Selig, through a limited liability corporation called Aerotierra, purchased some land that he intended to use as a private airport/heliport.  Selig filed a zoning application, asking for a special exception and variance.  After a series of hearings, the North Whitehall Township Zoning Hearing Board ("ZHB") denied his application, determining that a heliport was not a permitted use on the property, and that Selig did not meet the requirements for a special exception.  Selig then filed an appeal in the Court of Common Pleas of Lehigh County.  That court dismissed his appeal, finding that Selig lacked standing because the property was owned by Aerotierra, LLC, and the Commonwealth Court of Pennsylvania also dismissed his appeal for lack of standing. Selig v. Zoning Hearing Bd., No. 180 C.D. 2014, 2014 WL 3586255 (Pa. Commw. Ct. July 22, 2014).

Selig then filed suit in the District Court.  The District Court dismissed Selig's complaint without prejudice for failure to state a claim upon which relief could be granted.  Selig then filed an amended complaint, arguing that the ZHB and Judge J. Brian Johnson violated his substantive due process rights.  The District Court dismissed the amended complaint with prejudice as to Judge Johnson on the basis of judicial immunity, and dismissed it as to the ZHB because Selig lacked standing to bring a substantive due

2

process claim. The Court also denied Selig's motion for reconsideration, and Selig then appealed.

We have jurisdiction to review the final decision of the District Court. 28 U.S.C. § 1291. Our review of a decision granting a motion to dismiss is plenary. Santiago v. Warminster Township, 629 F.3d 121, 128 (3d Cir. 2010). Dismissal is proper if the plaintiff fails to allege sufficient factual matter which, if accepted as true, could "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We "may affirm the District Court's judgment on any basis supported by the record." Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Selig argues that he has standing to sue because he has some type of beneficial or equitable ownership interest in the property under Pennsylvania law. Even if we assume he does have some type of ownership interest, only property interests "of a *particular quality*" are worthy of substantive due process protection under the federal Constitution, and "this 'particular quality' is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000). We are not aware of any case in which we have found that something other than full property ownership warrants substantive due process protection. See DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell, 53 F.3d 592, 600 (3d Cir. 1995) ("[O]wnership is a property interest worthy of substantive due process protection."), abrogated on other grounds by United

3

Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 401 (3d Cir. 2003).

But even if Selig had a protected property interest in the property during the zoning proceedings,[1] the District Court's dismissal of Selig's complaint was proper, as the allegations of the complaint did not state a plausible substantive due process claim. To state such a claim, Selig was required to show that the ZHB deprived him of a protected property interest and that such deprivation "shocks the conscience." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008); see also United Artists, 316 F.3d at 400-02. "'[O]nly the most egregious official conduct'" shocks the conscience. United Artists, 316 F.3d at 400 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). What is shocking depends on the factual context, id. at 399-400, but, in the land use context, the standard is sufficiently high to "avoid converting federal courts into super zoning tribunals." Eichenlaub v. Township of Indiana, 385 F.3d 274, 285 (3d Cir. 2004); see also United Artists, 316 F.3d at 402.

In Eichenlaub, we held that allegations of inconsistent application of zoning requirements, unnecessary inspections, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" a property owner were not enough to shock the conscience, particularly where "[t]he local officials are not accused of seeking to hamper development in order to interfere with otherwise constitutionally protected activity at the project site, or because of some bias against an ethnic group."

_____

[1] Selig has since transferred the property into his own name.

4

385 F.3d at 286. We noted that complaints related to zoning requirements, inspections, and permits were "frequent in [land use] planning disputes" and that while adversely affected property owners can couch such complaints as abuses of legal authority, such complaints do not rise to the level of substantive due process violations. Id.

Like the complaints in Eichenlaub, Selig's complaints are of the sort frequently at issue in zoning and land use disputes. The defendant's alleged conduct[2] cannot be said to shock the conscience. As Selig failed to state a substantive due process claim, the District Court properly dismissed his complaint against the ZHB.

As for Selig's claims against Judge Johnson, we agree with the District Court that Selig's claims are barred by judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation omitted). Selig notes that after the zoning appeal concluded, Judge Johnson granted Selig's motion to recuse. He argues that the Judge's recusal means the judge lacked jurisdiction to consider Selig's appeal in the first place. We disagree. Even where a court determines that a judge should have recused himself, the reviewing court need not vacate that judge's decision. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 171 (3d Cir. 2004) (citing Liljeberg v. Health Servs. Acquisition Corp.,

---

[2] For example, Selig alleges that a ZHB member failed to disclose that he lived across the street from the property Selig sought to develop, the city solicitor failed to recuse himself although he had previously been terminated as Selig's divorce lawyer, and a heliport was approved at a different property under similar circumstances.

486 U.S. 847, 864 (1988)).  And "a recused judge can enter 'housekeeping' orders until a successor judge is assigned."  Moody v. Simmons, 858 F.2d 137, 138 (3d Cir. 1988).  Thus, as even a *currently* recused judge is not "act[ing] in the clear absence of all jurisdiction" when he enters an order, Judge Johnson's *later* decision to recuse himself does not mean that he acted without jurisdiction in deciding Selig's appeal from the ZHB.  We conclude that the District Court properly dismissed claims against Judge Johnson on the grounds of judicial immunity.

For the foregoing reasons, we will affirm the District Court's judgment.